Huey Henry **BREAUX**, d/b/a H.H. Breaux, Enterprises, Plaintiff–Appellee,

v.

**SCHLUMBERGER OFFSHORE SERVICES, A division of Schlumberger Ltd., Defendant–Appellant.**

No. 86–4441.

United States Court of Appeals, Fifth Circuit.

Jan. 26, 1988.

Michael P. Hantel, New Orleans, La., Ramon P. Marks, New York City, for defendant-appellant.

John G. Swift, Davidson, Meaux, Sonnier & Roy, Lafayette, La., for plaintiff-appellee.

**OPINION–ORDER ON REMAND FROM THE SUPREME COURT OF LOUISIANA**

Before GARZA, WILLIAMS, and GARWOOD, Circuit Judges.

GARZA, Circuit Judge.

Like a football, this case has been punted from court to court for some time. A federal district court, a state supreme court, and two panels of this court, have reviewed the same issue as it has bounced through the various courtrooms. This litigation began when Breaux, a commercial property owner, brought suit against Schlumberger, a prospective lessee, for specific performance and damages on an oral lease. The district court ruled that T.C. Nicholls, a construction coordinator at Schlumberger, had apparent authority to bind Schlumberger to the lease agreement with Breaux. On appeal, a panel of this court reversed the judgment, but remanded the case for determination of whether a detrimental reliance basis of recovery was possible. On remand, the district court held that Breaux reasonably relied to his

detriment on Nicholls, and thus Schlumberger was liable in tort on the basis of respondeat superior. We affirmed the judgment on appeal.

At the request of a member of this court, the mandate was stayed. There was some disagreement as to whether under the Civil Code of Louisiana a finding of detrimental reliance could survive where there was a stated finding of no actual or apparent authority. Because this case presented a peculiar question appropriate for resolution by the Supreme Court of Louisiana, we filed an opinion on November 5, 1987, certifying the question of law to that court, 832 F.2d 316. On December 11, 1987, the Supreme Court of Louisiana denied certification, 515 So.2d 1105. Therefore, we reinstate our June 2, 1987 opinion in this case, 817 F.2d 1226, together with Judge Garwood's dissenting opinion, and conclude that Breaux will no longer be precluded from receiving his just relief. We direct the Clerk to issue the mandate at the appropriate time.